ORIGINAL

Approved: _Thomas John Wright_
THOMAS JOHN WRIGHT
Assistant United States Attorney

Before: THE HONORABLE JAMES L. COTT
United States Magistrate Judge
Southern District of New York

19 MAG 5190

- - - - - - - - - - - - - - - - - x

                                    : **COMPLAINT**

UNITED STATES OF AMERICA   : Violations of
                                  : 18 U.S.C.
    - v. -               : §§ 2252A(a)(2)(B),
                                  : (a)(5)(B), (b)(1),
BRYAN PIVNICK,            : (b)(2), and 2
    a/k/a "magnapraeda,"   :
                                  : COUNTY OF OFFENSE:
            Defendant.   : NEW YORK

- - - - - - - - - - - - - - - - - x

SOUTHERN DISTRICT OF NEW YORK, ss.:

    MATTHEW DERAGON, being duly sworn, deposes and says that he is a Special Agent with the Federal Bureau of Investigation ("FBI"), and charges as follows:

### COUNT ONE

(Distribution of Child Pornography)

    1. On or about May 12, 2019, in the Southern District of New York and elsewhere, BRYAN PIVNICK, a/k/a "magnapraeda," the defendant, knowingly did distribute and attempt to distribute material that contains child pornography that had been mailed, and using a means and facility of interstate and foreign commerce shipped and transported in and affecting interstate and foreign commerce by any means, including by computer, to wit, PIVNICK distributed over the Internet a video of a minor engaging in sexually explicit conduct.

    (Title 18, United States Code, Sections 2252A(a)(2)(B),
                         (b)(1), and 2.))

**COUNT TWO**

(Possession of Child Pornography)

2.   On or about May 29, 2019, in the Southern District of New York and elsewhere, BRYAN PIVNICK, a/k/a "magnapraeda," the defendant, knowingly did possess and access with intent to view, and attempt to possess and access with intent to view, a book, magazine, periodical, film, videotape, computer disk, and other material containing an image of child pornography that had been mailed, shipped, and transported using a means and facility of interstate and foreign commerce and in and affecting interstate and foreign commerce by any means, including by computer, and that was produced using materials that had been mailed, shipped and transported in and affecting interstate and foreign commerce by any means, including by computer, to wit, PIVNICK possessed images and videos of minors, including minors who had not attained 12 years of age, engaging in sexually explicit conduct in his residence in New York County, New York.

(Title 18, United States Code, Sections 2252A(a)(5)(B), (b)(2), and 2.)

3.   The bases for my knowledge and for the foregoing charge are, in part, described in the following paragraphs.

4.   I am a Special Agent with the FBI and am currently assigned to the Violent Crimes Against Children Squad of the Criminal Division of the New York Field Office of the FBI. I have been personally involved in the investigation of this matter. This affidavit is based upon my personal participation in the investigation of this matter, my conversations with law enforcement agents and other individuals, as well as my examination of reports and other records. Because this affidavit is being submitted for the limited purpose of establishing probable cause, it does not include all the facts that I have learned during the course of my investigation. Where the contents of documents and the actions, statements, and conversations of others are reported in this Complaint, they are reported in substance and in part, except where otherwise indicated.

5.   As set forth below, there is probable cause to believe that BRYAN PIVNICK, a/k/a "magnapraeda," the defendant, distributed child pornography over the Internet on or about May 12, 2019, among multiple other recent dates, and possessed child pornography in his residence in New York County, New York on or about May 30, 2019. I use the term "child pornography"

here and hereinafter as that term is defined at 18 U.S.C. § 2256(8).

## The Investigation

6. Based on my conversations with other law-enforcement officers about an ongoing investigation into the use of Telegram, an anonymous cloud-based messaging application, to distribute child pornography, and my review of reports and other records created in the course of this investigation, I have learned, among other things, the following, in substance and in part:

    a. Telegram is a messaging application or "app" compatible with multifunction cellphones, tablets, and computers, which allows users to communicate anonymously among groups of users or through direct messages between individual users. Telegram allows users to send text as well as photographs and videos in messages, which are synchronized across all devices on which a user has Telegram downloaded. A user on Telegram creates an account that is associated with a telephone number and for which the user can create one or more usernames.

    b. On or about February 10, 2019, a user of Telegram ("User-1") exchanged messages with another user of Telegram ("User-2"). In particular, on or about February 10, 2019, User-1 and User-2 exchanged the following series of messages:

    User-1: I'm trying to get close to a buddy's 11yo bro [devil emoji]

    User-2: Fuck yeah

    User-1: Yeah

    User-2: I have a 15 yo I chat with

    User-1: Would you be interested if I turn him hehe

    User-1: Oh fuck that's hot

    User-1: Lucky

    User-2: Yes

    User-1: Hot! I'd love to share

    User-2: I'd love to be your pervy partner

User-1: I'd love that so much

Thereafter, User-1 sent User-2 two photographs of a male child, who, based on my training and experience, appeared to be approximately 11 years old.

   c. Thereafter, on or about February 10, 2019 at approximately 8:43 PM, User-2 sent User-1 over Telegram an image of a male child approximately thirteen years old and nude from the waist down with his legs pulled back over his head exposing his anus and testicles.

   d. Following February 10, 2019, special agents with the FBI arrested User-2 at his residence in the Eastern District of New York where they executed a search warrant and located the exchange of messages and photographs described in ¶ 6.b supra and the image described in ¶ 6.c supra.

 7. After execution of the search warrant at User-2's residence, special agents with the FBI identified a telephone number associated with the account of User-1 on Telegram and in turn used that information to identify a further telephone number associated with User-1 in a set of contact information maintained by User-2. An ensuing search for that telephone number on multiple social-media platforms led to the identification of a social-media profile associated with the same telephone number as well as with photographs in which an adult male appeared. The special agents from the FBI identified that this adult male appeared to be the same individual who appeared in a photograph that User-1 had previously sent to User-2 on Telegram. The social-media profile was also associated with the name "Bryan Pivnick," which special agents searched using a publicly-accessible database and found associated with a residence located in New York County, New York ("Address-1").

### The Residence Visit

 8. Based on the foregoing investigation, on or about May 29, 2019, I conducted a visit to the residence located at Address-1 together with other special agents of the FBI.

 9. When I knocked on the front door to Address-1, BRYAN PIVNICK, the defendant, answered the front door and permitted me to enter what he stated, in substance and in part, was his residence. Inside Address-1, I found with PIVNICK a male child, who appeared to be the same male child who appeared in the two photographs that User-1 sent to User-2 and that I referenced in ¶ 6.b supra and who I identified lives in an apartment on the

same floor of the multi-story residential building in which Address-1 is located and is 11 years old.

10. Inside Address-1, BRYAN PIVNICK, a/k/a "magnapraeda," stated to me, in substance and in part, that he had distributed child pornography over Telegram.

11. While inside Address-1, I obtained the written consent of BRYAN PIVNICK, a/k/a "magnapraeda," to search a multifunction cellphone on his person (the "Cellphone"), which he stated to me, in substance and in part, was his cellphone and which I did search in his presence inside Address-1. Based on my preliminary review of the Cellphone, I know the following information.

   a. On the Cellphone, within the Telegram app and associated now with the username "magnapraeda," I found the exchange of messages and photographs described in ¶ 6.b supra and the image described in ¶ 6.c supra.

   b. On the Cellphone, within the Telegram app and associated with the username "magnapraeda," I also found dozens of videos of child pornography in messages with User-2 as well as multiple other users:

> A video sent in a message from the Cellphone on May 12, 2019 at approximately 10:02 PM (55 seconds)
>
> An infant wearing only a diaper, who is approximately three months old, is orally penetrated by the erect penis of an adult male.
>
> A video received in a message on the Cellphone on May 12, 2019 at approximately 10:02 PM (40 seconds)
>
> An adult male anally penetrates with his erect penis a male child, who is approximately one to three years old. The adult male proceeds to ejaculate onto the stomach of the male child.
>
> A video sent in a message from the Cellphone on May 12, 2019 at approximately 10:03 PM (11 seconds)
>
> An approximately three-year old male child is nude and performs fellatio on the erect penis of an adult male who is also nude.
>
> In connection with these three preceding messages, the user of the Cellphone, i.e., PIVNICK, stated in substance and in part to the party with whom he was communicating on

5


Telegram that he was in "NYC," which I believe is a reference to his residence located at Address-1 in New York County, New York.

<u>A video sent in a message from the Cellphone on May 15, 2019 at approximately 1:08 AM (16 seconds)</u>

An adult male orally penetrates with his erect penis a one to two-month-old infant who is gagging on the penis and whimpering before the adult male ejaculates on the infant's face.

<u>A video sent in a message from the Cellphone on May 22, 2019 at approximately 8:44 PM (19 seconds)</u>

An adult male is kneeling behind an approximately three-year-old male child, both of whom are nude. The adult male is masturbating into the child's anus.

<u>A video sent in a message from the Cellphone on May 22, 2019 at approximately 8:44 PM (53 seconds)</u>

An adult male anally penetrates a male child who is less than twelve years old.

WHEREFORE, deponent respectfully requests that BRYAN PIVNICK, a/k/a "magnapraeda," the defendant, be imprisoned or bailed, as the case may be.

                                                MATTHEW DERAGON
                                                Special Agent
                                                Federal Bureau of Investigation

Sworn to before me this
30th day of May, 2019

THE HONORABLE JAMES L. COTT
United States Magistrate Judge
Southern District of New York