UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------x
UNITED STATES OF AMERICA,

                                                                            19-cr-464 (PKC)

      -against-

                                                                            ORDER

BRYAN PIVNICK,

                              Defendant.
-------------------------------------------------------------x

CASTEL, U.S.D.J.

        Defendant moves to amend the judgment principally challenging the criminal financial penalties imposed on him at the time of sentencing. (ECF 89.)

        At sentencing, the Court imposed the special assessment of $200 ($100 per count), the $5,000 assessment pursuant to the Justice for Victims of Trafficking Act of 2015, 18 U.S.C. § 3014, and a $9,000 restitution obligation ($3,000 to each of three victims), citing the relevant factors in Paroline v United States, 134 S.Ct. 1710, 1717-1729. (Sentencing Tr. at 47-55; ECF 76.) In the exercise of discretion, the Court did not impose an assessment under the Amy, Vicky, and Andy Child Pornography Victim Assistance Act of 2018. 18 U.S.C. § 2259A. (Id. at 54.) The criminal penalties were reflected in the written judgment. (ECF 66.) The $9,000 restitution obligation and manner of payment was more fully set forth in the Court's separate Order entered at the time of sentencing. (ECF 67.)

        Defendant exercised his right to appeal. If the Court applied the wrong standard or improperly imposed a financial penalty, this was redressable on his direct appeal. It does not appear that defendant challenged any aspect of his sentence, including the criminal financial penalties. Indeed, he filed the instant motion nearly two years after his sentencing and during the

1

pendency of his unsuccessful appeal. He has forfeited his right to challenge the judgment as erroneous or procedurally or substantively unreasonable in the absence of a showing of cause and prejudice. See United States v. Frady, 456 U.S. 152, 164–65 (1982) ("Our trial and appellate procedures are not so unreliable that we may not afford their completed operation any binding effect beyond the next in a series of endless postconviction collateral attacks. To the contrary, a final judgment commands respect.").

Moreover, a court may amend a criminal judgment only in limited circumstances under 18 U.S.C. § 3582(b) and (c) and the Federal Rules of Criminal Procedure. Rule 33(b)(2), Fed. R. Crim. P., provides that a court may vacate a judgment if justice so requires, but only if the motion is made within 14 days of the verdict or finding of guilty. There is an exception for newly discovered evidence under Rule 33(b)(1), Fed. R. Crim. P., but defendant does not claim that any newly discovered evidence is relevant here. Rule 36, Fed. R. Crim. P., allows modification of a judgment, order, or other part of the record for a clerical error or oversights at any time, but the defendant does not claim any clerical errors. And Rule 35(a), Fed. R. Crim. P., provides that a defendant, within 14 days of sentencing, may move to correct an arithmetic, technical, or other "clear error"—but again, defendant does not claim that this type of error exists in his case. Finally, while a restitution obligation may be revised, the circumstances are also limited, and none of them apply to the instant case. 18 U.S.C. § 3664(o).

Procedural bar aside, defendant's argument that the $5,000 assessment was improperly imposed is flat wrong. He asserts that the offenses of conviction under subdivisions of 18 U.S.C. § 2252A are not enumerated under the statute. But 18 U.S.C. § 3014, providing for the $5,000 assessment, enumerates offenses in Chapter 110 of Title 18 as includable, and the two offenses of conviction are located in Chapter 110. 18 U.S.C. § 3014(a)(3). If the Court

inadequately assessed his financial condition at the time of sentencing, he could have raised it on appeal. But that said, the Pre-Sentence Report ("PSR") reflected that he was a college graduate (PSR ¶ 74) who asserted that in the eight months preceding his incarceration, he was paid $10,000 a month by a best-selling author (PSR ¶ 77) and previously had been employed making $65,000 per year (PSR ¶ 78). While he claims to have debt and no assets, the Office of Probation was unable to conduct a credit report on his because of a "freeze" defendant placed on credit reporting. (PSR ¶ 83.) Finally, the Order of Restitution cabined the discretion of the Bureau of Prisons in formulating a repayment plan by describing how that plan should be formulated. (ECF 67 ¶ 2.)

The Court has considered the entirety of the defendant's arguments and his motion to amend the judgment is DENIED. The Clerk is requested to terminate the motion at ECF 89.

SO ORDERED.

P. Kevin Castel
United States District Judge

Dated: New York, New York
June 14, 2024