UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

BRYAN PIVNICK,

                Movant,

-against-

UNITED STATES OF AMERICA,

                Respondent.

25-cv-2810 (PKC)

19-cr-464 (PKC)

ORDER

CASTEL, United States District Judge:

      Movant, who is incarcerated at FCI Fort Dix in New Jersey and proceeds *pro se*, was convicted upon his guilty plea in United States v. Pivnick, No. 19-cr-0464 (PKC) (S.D.N.Y. June 16, 2021), *aff'd*, No. 21-1675, 2023 WL 3563030 (2d Cir. May 19, 2023).

      He transmitted a document to the Court's Chambers on March 17, 2025 (docketed March 31, 2025) asserting that the "judg[]ment rendered in the above referenced proceeding is void ab initio." He asserted that the United States lack the proper standing to imitate a proceeding "against my natural-born sovereign self. . . ."

      In an order dated April 10, 2025, the Court notified Movant that it intended to construe his application as a Motion under 28 U.S.C. § 2255, and granted him an opportunity to withdraw the application or file an amended Section 2255 motion, including all of his grounds for relief.

      In response, on May 15, 2025, Movant wrote to the Court indicating that: (1) he did not intend to proceed under Section 2255; (2) he wished to bring a petition for a writ of error *coram nobis*; and (3) he requested an extension of time to respond. (ECF 5.) By letter dated June 4, 2025, he repeated these requests.

      In a July 11, 2025 Order (ECF 7), Movant was advised that a petition for a writ of *coram nobis* is an extraordinary "remedy of last resort." Fleming v. United States, 146 F.3d 88, 89-90 (2d Cir. 1998) (per curiam). "A petition for a writ of *coram nobis* provides a way to collaterally attack a criminal conviction for a person, . . . who is no longer 'in custody' and therefore cannot seek

1

habeas relief under 28 U.S.C. § 2255 or § 2241." Chaidez v. United States, 568 U.S. 342, 345 (2013). To receive *coram nobis* relief, a petitioner must show "that (1) there are circumstances compelling such action to achieve justice, (2) sound reasons exist for failure to seek appropriate earlier relief, and (3) the petitioner continues to suffer legal consequences from his conviction that may be remedied by granting of the writ." Doe v. United States, 915 F.3d 905, 910 (2d Cir. 2019).[2] See also Kaminski v. United States, 339 F.3d 84, 89 (2d Cir. 2003) ("[C]ollateral relief from non-custodial punishments may be available to prisoners through the use of extraordinary writs such as coram nobis"). But according to public information of the Bureau of Prisons, Movant remains incarcerated at FCI Fort Dix with an anticipated release date of November 15, 2029, though he does not use this as his address of record for this action. His status as a person in custody, according to public information from the Bureau of Prisons, was noted in the July 11 Order and Movant has done nothing in his subsequent filings to persuasively rebut this fact.

The July 11 Order nevertheless granted Movant's request for an extension of time to file an amended pleading that includes all of the grounds on which he challenges his conviction. Movant was advised that he must file his amended pleading within 60 days of the date of the July 11, 2025 Order.

On July 29, 2025, the undersigned received a document from Movant styled as "ORGANIC WRIT OF HABEAS CORPUS IN THE LIKENESS OF AN EXTRAORDINARY WRIT OF ERROR CORAM NOBIS UNDER THE ORGANIC CONSTITUTION OF 1787 INVOKING THE ORIGINAL JURISDICTION UNDER THE COMMON LAW." The Court has reviewed the content of the submission and not merely its title.

The July 29 submission appears to be a collateral attack on Movant's conviction made while the Movant is in custody. As noted below, Movant's collateral attack, if treated as a section 2255 motion, is likely time-barred. But if the relief sought would be most appropriately available under

2

section 2255, a petitioner may not circumvent the limitations of section 2255 by recasting his application as a writ of coram nobis or habeas corpus, absent extraordinary circumstances not alleged here. See United States v. Henry, 205 F.3d 1325 (2d Cir. 2000) (summary order) ("'[w]here a statute specifically addresses the particular issue at hand, it is that authority, and not the All Writs Act, that is controlling,' . . .even if the petitioner may be procedurally barred from making use of the applicable statute. . . .").

Whether measured from his first filing on March 31, 2025 or any later date, Movant's application appears beyond the one-year limitation measured from when the judgment became final. 28 U. S.C. § 2255(f)(1). Because Movant appealed his judgment, it did not become final until the time for filing of a petition for a writ of certiorari expired. A petition for a writ of certiorari must be filed within ninety (90) days after entry of judgment by the Court of Appeals. Rule 13(1), Supreme Court Rules. The mandate was issued by the Court of Appeals on July 25, 2023. Thus, unless a petition for certiorari was filed by October 23, 2023, the judgment became final on that date.

In a document titled "Notice to this Court Regarding Timeliness of Habeas Corpus Filing and Procedural History" (25 cv 2810, ECF 9), Movant attaches correspondence with the Clerk of the United States Supreme Court reflecting an attempt to file a petition for a writ of certiorari. The Court is unable to locate any petition for a writ of certiorari accepted for filing by the Clerk of the United States Supreme Court. He essentially argues that he is entitled to equitable tolling by reason of his belief that he had filed a petition for a writ of certiorari.

The Court will require a merits response from the government to Movant's July 29, 2025 motion addressing (1) whether that motion or petition ought to be construed as a habeas petition, a writ of coram nobis or a section 2255 motion, (2) whether it is timely and (3) assuming that it is a timely, should it be granted. The government's response is due by December 10, 2025. Movant may reply by January 12, 2026 and the government may reply by January 27, 2026.

Because Movant has not made a substantial showing of the denial of a constitutional right, a

3

certificate of appealability will not issue. 28 U.S.C. § 2253(c).  The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith.

    SO ORDERED.

_____<br>
P. Kevin Castel<br>
United States District Judge

Dated:   New York, New York<br>
          October 20, 2025

COPY MAILED TO:

Bryan Pivnick<br>
Reg. No.: 91274-054<br>
FCI Fort Dix<br>
Federal Correctional Institution<br>
P.O. Box 2000<br>
Joint Base MDL, NJ  08640

Bryan Pivnick<br>
12 Alcott Court<br>
Freehold, NJ  07728

ALSO ENCLOSED: <u>United States v. Henry</u>, 205 F.3d 1325 (2d Cir. 2000) (summary order)